PEOPLE v BELL (ON SECOND REMAND)

Docket No. 209270. Submitted July 13, 2004, at Lansing. Decided
    October 7, 2004, at 9:00 a.m.

 Michael E. Bell was convicted by juries in the Detroit Recorder's
Court on three counts of first-degree felony murder and one
count of solicitation to commit arson of a dwelling house. The
court, Kym Lyn Worthy, J., admitted a statement from an
accomplice made to the police, although at trial the accomplice
asserted his Fifth Amendment right against self-incrimination
and did not testify. The Court of Appeals, SAAD and METER, JJ.
(CAVANAGH, P.J., concurring), in an unpublished opinion per
curiam, affirmed on the basis of *People v Poole*, 444 Mich 151
(1993), in which the Court held that hearsay statements of
accomplices not testifying in court are admissible if they meet
certain reliability requirements (Docket Nos. 209269, 209270).
The Supreme Court remanded the case to the Court of Appeals
for explanation of its *Poole* analysis. 465 Mich 923 (2001). The
Court of Appeals, SAAD and METER, JJ. (CAVANAGH, P.J., concur-
ring), in an unpublished opinion per curiam, explained its
analysis and again affirmed the convictions. In lieu of granting
Bell leave to appeal, the Supreme Court vacated the judgment of
the Court of Appeals and remanded the case again to the Court of
Appeals for reconsideration in light of *Crawford v Washington*,
541 US 36 (2004), which held that the Sixth Amendment pre-
scribes confrontation of testimonial witnesses, i.e., if the
declarant is unavailable, the testimonial evidence may not be
admitted unless the defendant has had the opportunity for
cross-examination, a holding that is contrary to the *Poole* reli-
ability test for admission.

 On second remand, the Court of Appeals *held*:

 1. The primary evidence supporting Bell's convictions is the
admission and inculpatory statement made by Bell's accomplice to
the police during interrogation. Bell had no opportunity to cross-
examine the accomplice at the time the testimony was given or at
trial, so the Confrontation Clause, as recently interpreted in *Craw-*

*ford,* precludes the admission of that evidence. The admission of that evidence is constitutional error and cannot be said to be harmless error.

2. The United States Supreme Court has held that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final. *Powell v Nevada,* 511 US 79 (1994). *Crawford* applies retrospectively here because this case was pending on appeal when the Supreme Court decided that case.

Reversed and remanded for a new trial.

METER, J., concurring, stated that his concurrence is compelled by *Crawford,* but he disapproves of the decision in *Crawford.* The purpose of the Confrontation Clause is to prevent the use of ex parte examinations as evidence against an accused. Statements given to the police during interrogation are not testimonial in nature. Even if they were, there is no reason for automatically excluding out-of-court testimonial statements under the Confrontation Clause when there has been no opportunity for cross-examination.

CRIMINAL LAW — EVIDENCE — HEARSAY — INCULPATION OF ACCOMPLICES — RIGHT TO CONFRONTATION.

To admit testimonial evidence against a defendant, such as inculpation by an accomplice during a police interrogation, the declarant must be unavailable, and the defendant must have had a prior opportunity for cross-examination of the declarant (US Const, Am VI).

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael E. Duggan,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Joseph Puleo,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan M. Meinberg*) for the defendant.

ON SECOND REMAND

Before: CAVANAGH, P.J., and SAAD and METER, JJ.

SAAD, J. Once again, this case is before us on remand

from our Supreme Court,[1] which has instructed us to reconsider this case in light of the United States Supreme Court's significant decision in *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004). We hold that *Crawford* applies retrospectively, requires reversal here, and thus we reverse and remand for a new trial.

### I. FACTS AND PROCEDURAL HISTORY

This case stems from defendant's jury trial convictions, in two separate cases, on three counts of first-degree felony murder (felony murder)[2] and one count of solicitation to commit arson of a dwelling house.[3] The police arrested defendant after Matthew Roberts told them that defendant hired Roberts to firebomb the victims' house. At trial, Roberts asserted his Fifth Amendment right against self-incrimination[4] and did not testify. Accordingly, the trial court admitted Roberts's statement to the police that inculpated defendant.[5]

Defendant appealed his convictions and sentences to this Court and argued that the trial court erred when it admitted a statement of a nontestifying accomplice that implicated defendant. Defendant argued that this vio-

---

[1] In *People v Bell*, 470 Mich 875 (2004), in lieu of granting defendant leave to appeal, the Court vacated this Court's previous opinion in this case, *People v Bell (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued February 5, 2002 (Docket Nos. 209269, 209270), and remanded to this Court for reconsideration.

[2] MCL 750.316(1)(b).

[3] MCL 750.157b; MCL 750.72.

[4] US Const, Am V.

[5] The trial court originally ruled, at defendant's preliminary examination, that it would not admit Roberts's statement, but it later reversed itself at trial and admitted this evidence.

lated his Confrontation Clause right to cross-examine witnesses against him. US Const, Am VI. We rejected defendant's argument because of our Supreme Court's opinion in *People v Poole*, 444 Mich 151; 506 NW2d 505 (1993), in which the Court held that the hearsay statements of nontestifying accomplices are admissible if they meet certain reliability requirements. *People v Bell*, unpublished opinion per curiam of the Court of Appeals, issued October 6, 2000 (Docket Nos. 209269, 209270). Defendant sought leave to appeal in our Supreme Court, which remanded this case to us for further explanation of our analysis under *Poole*.[6] On remand, we complied with the Court's remand order, explained our decision, and reaffirmed our previous opinion. *People v Bell (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued February 5, 2002 (Docket Nos. 209269, 209270).

## II. APPLICATION OF *CRAWFORD v WASHINGTON*

### A. THE *CRAWFORD* DECISION GENERALLY

In *Crawford*, the United States Supreme Court held that to admit testimonial evidence against a defendant, the declarant must be unavailable and the defendant must have had "a prior opportunity for cross examination" of the declarant. *Crawford, supra* at ___; 124 S Ct 1374. The Court in *Crawford* overruled its previous opinion in *Ohio v Roberts*, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980), which held that such evidence could be admitted if it could be shown to be reliable. Our Supreme Court's opinion in *Poole*, upon which we previously relied in this case, in turn relied upon

---

[6] However, the Court otherwise denied leave. *People v Bell*, 465 Mich 923 (2001).

*Roberts. Poole, supra* at 162-163.[7] In *Crawford*, the
Supreme Court reasoned that "[d]ispensing with con-
frontation because testimony is obviously reliable is
akin to dispensing with jury trial because a defendant is
obviously guilty. This is not what the Sixth Amendment
prescribes." *Crawford, supra* at ___; 124 S Ct 1371.

Though the Supreme Court in *Crawford* "[left] for
another day any effort to spell out a comprehensive
definition of 'testimonial,' " *Id.* at ___; 124 S Ct 1374, it
also stated that "[s]tatements taken by police officers in
the course of interrogations are . . . testimonial under
even a narrow standard."[8] *Id.* at ___; 124 S Ct 1364.

### B. RETROSPECTIVE APPLICATION

This Court has previously noted that *Crawford*
should be applied retrospectively. *People v McPherson*,
263 Mich App 124, 135 n 10; 687 NW2d 370 (2004),
citing *Powell v Nevada*, 511 US 79, 84; 114 S Ct 1280;
128 L Ed 2d 1 (1994). In *Powell*, the United States
Supreme Court held that " 'a new rule for the conduct
of criminal prosecutions is to be applied retroactively
to all cases, state or federal, pending on direct review
or not yet final.' " *Powell, supra* at 84, quoting *Griffith
v Kentucky*, 479 US 314, 328; 107 S Ct 708; 93 L Ed 2d
649 (1987). Accordingly, we hold that *Crawford* applies
retrospectively here because this case was pending on
appeal when the Supreme Court decided the case.

---

[7] Clearly, this explains our Supreme Court's decision to order us to
reconsider this case.

[8] We respectfully disagree with our concurring colleague that a police
interrogation is not testimonial. We instead agree with the rationale
articulated by Justice Scalia in *Crawford* in which he said: "That interro-
gators are police officers rather than magistrates does not change the
picture either. . . . The involvement of government officers in the produc-
tion of testimonial evidence presents the same risk, whether the officers
are police or justices of the peace." *Crawford, supra* at ___; 124 S Ct 1365.

### C. APPLICATION TO THE FACTS OF THIS CASE

Here, Roberts was arrested and interrogated by the police in connection with these crimes. During the course of this interrogation, Roberts gave a statement that implicated defendant. Therefore, this statement was clearly testimonial. Moreover, defendant did not have an opportunity to cross-examine Roberts, because Roberts chose to exercise his Fifth Amendment right not to testify at trial. Accordingly, the Supreme Court's decision in *Crawford* compels us to hold that the trial court's decision to admit Roberts's statement violated defendant's Confrontation Clause right to cross-examine witnesses against him.

### D. HARMLESS ERROR

However, "when a trial court commits an error that denies [a defendant's] constitutional rights under the Confrontation Clause . . . we need not reverse if the error is harmless beyond a reasonable doubt." *McPherson, supra* at 131-132, citing *People v Smith*, 243 Mich App 657, 690; 625 NW2d 46 (2000), citing *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

Here, the primary evidence supporting the solicitation and felony-murder convictions is Roberts's inadmissible statement. Therefore, we cannot say that this constitutional error is harmless beyond a reasonable doubt. See *McPherson, supra* at 131.

Accordingly, we reverse and remand for a new trial. We do not retain jurisdiction.

CAVANAGH, P.J., concurred.

METER, J. (*concurring*). I concur in the majority's decision to reverse and remand because this result is

compelled by *Crawford v Washington,* 541 US 36; 124 S
Ct 1354; 158 L Ed 2d 177 (2004). I write separately,
however, to express my disapproval of *Crawford.*

In *Crawford,* the United States Supreme Court con-
cluded that the main purpose of the Confrontation
Clause was to prohibit the "use of *ex parte* examinations
as evidence against [an] accused." *Id.* at ___; 124 S Ct
1363. The Court stated that the text of the clause itself
("[i]n all criminal prosecutions, the accused shall enjoy
the right . . . to be confronted with the witnesses
against him," see US Const, Am VI) evidences that the
clause applies to "witnesses," or to those who "bear
testimony." *Crawford, supra* at ___; 124 S Ct 1364. It
then stated that a person giving a statement to the
police is giving "testimony" because "[p]olice interroga-
tions bear a striking resemblance to examinations by
justices of the peace in England," and the Confronta-
tion Clause was designed to guard against the dangers
of these examinations. *Id.* at 1363-1364. The Court then
held that prior testimony—including a statement given
during a police interrogation—is not constitutionally
allowable as evidence unless the declarant is unavail-
able and there has been an opportunity for the defen-
dant to cross-examine the declarant. *Id.* at ___; 124 S Ct
1366-1368, 1374.

I simply cannot agree with *Crawford's* conclusions
that statements given during a police interrogation are
"testimonial" and that the Confrontation Clause auto-
matically requires the exclusion of these "testimonial"
statements if there has been no prior opportunity for
cross-examination.

Indeed, I fail to see how an accomplice's narrative
statement that is given to a police officer and that
implicates himself and the defendant is more "testimo-
nial" in nature than a similar statement given to, for

example, a casual acquaintance. See *id.* at ___; 124 S Ct 1364 (where *Crawford* draws a distinction between statements given to the police and statements given to mere acquaintances). In each case, the accomplice is not giving direct testimony against a defendant but is simply relating facts[1] to a third party in an extrajudicial setting.

Even assuming, arguendo, that such a statement by an accomplice to the police *is* considered "testimonial" in nature, I agree with Chief Justice Rehnquist's analysis in *Crawford* that there is no reasonable basis for automatically excluding out-of-court testimonial statements under the Confrontation Clause when there has been no opportunity for cross-examination. See *id.* at ___; 124 S Ct 1376-1378 (Rehnquist, C.J., concurring).

I believe that *Ohio v Roberts,* 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980), and *People v Poole,* 444 Mich 151; 506 NW2d 505 (1993), were correctly decided. I recognize, however, that I am bound by the *Crawford* decision, and I therefore concur in the majority's opinion.

---

[1] These facts are likely to be true and often correctly deemed reliable because "the declarant and the accused are partners in an illegal enterprise . . . ." See *id.* at 1377 (Rehnquist, C.J., concurring).